IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| OSCAR FOSTER,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Cause No. CV 24-179-BLG-DWM<br><br><br>**ORDER** |

On December 30, 2024, Oscar Foster ("Foster") filed a handwritten document purporting to be a petition for habeas corpus relief under 28 U.S.C. § 2241. (Doc. 1.) Foster is presently incarcerated at the Joseph Harp Correctional Center in Lexington, Oklahoma.

A review of this Court's electronic filing system reveals that Foster has not been convicted of any federal crimes in the District of Montana. According to the Oklahoma Department of Corrections, Foster has several judgments of conviction out of the Stephens County District Court in Oklahoma.[1]

It is also unclear whether or not Foster has been convicted of any crimes in

---

[1] *See*, Oklahoma Department of Corrections website: https://okoffender.doc.ok.gov/ (accessed January 2, 2025).

1

Montana or Oklahoma tribal court. Foster does make reference, however, to the fact that the Indian status of both a defendant and a victim must be alleged in the indictment and established by the government during trial to sustain a valid conviction under the Indian Country Crimes Act. (Doc. 1 at 1.) In support of this contention, Foster relies upon *United States v. Prentiss*, 256 F. 3d 971 (10th Cir. 2001). (Doc. 1 at 1-2.) Foster suggests that in his underlying criminal matter, his Fifth Amendment rights were violated in the same matter as *Prentiss*. (*Id*. at 2.) He also argues his right to a petit jury, his right to be free from double jeopardy, his right to due process, and his Sixth Amendment right to counsel have been violated. (*Id*. at 2-3.) Foster asks that an order enter directing immediate release from his involuntary placement at the Joseph Harp Correctional Center. (*Id*. at 4.)

Under 28 U.S.C. § 2241, a district court may grant habeas relief to a federal prisoner who is in custody in violation of federal law. A petition challenging the manner, location, or conditions of a sentence's execution is brought under § 2241 in the custodial court. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Jurisdiction over a § 2241 petition lies in the district of the prisoner's confinement. *Hernandez*, 204 F. 3d at 864. To the extent that Foster may intend to seek habeas relief, this Court lacks jurisdiction over a § 2241 petition. Because Foster is incarcerated at the Joseph Harp Correctional Center in Lexington, Oklahoma, should he wish to proceed in habeas, he should file a § 2241 petition in

the Federal District of Oklahoma.

This Court lacks jurisdiction over Foster's § 2241 petition. Thus, reasonable jurists would find no basis to encourage additional proceedings at this time. A certificate of appealability will be denied.

Based on the foregoing, the Court makes the following:

## ORDER

1. Foster's petition (Doc. 1) is DISMISSED.

2. The Clerk of Court is directed to provide Foster with a form Section 2241 petition along with the service copy of this Order.

3. A Certificate of Appealability is DENIED.

DATED this 2nd day of January, 2025.

_____
Donald W. Molloy, District Judge
United States District Court